### DECAY v. FLUCKE et al.
### No. 16419.

Court of Appeal of Louisiana. Orleans.

June 1, 1936.

Daniel Wendling, of New Orleans, for appellant.

Habans & Coleman and A. I. Kleinfeldt, both of New Orleans, for appellees.

McCALEB, Judge.

Plaintiff, Louis Decay, filed this suit claiming in substance that on February 12, 1935, while he was in the act of crossing the downtown intersection of Poydras and Carondelet streets in the city of New Orleans, from the river to the lake side thereof, he was run into and knocked down by a truck owned by the defendant, Albert Flucke, and driven at the time of the accident by Jerome Stern, an employee of the said Flucke. The defendants in the suit are Albert Flucke and Jerome Stern, and while plaintiff does not set forth the nature of his injuries he contends that he has been damaged in the sum of $300.

The defendants answered, and they set forth that on the day of the accident the truck was being driven by Stern on Poydras street in the direction of the river; that the said Stern had stopped the truck at the corner of Carondelet street in obedience to a red semaphore light; and that when the semaphore light changed to green, giving him the right of way, the said Stern proceeded forward and made a left-hand turn into Carondelet street. At that time he was following another automobile which was directly in front of him and proceeding in the same direction. It is further averred that when the defendant Stern arrived near the pedestrian crossing of Carondelet street he noticed the plaintiff standing in the middle thereof; that the plaintiff was not moving at the time, but waited until the automobile preceding defendant's truck had passed, and just at that moment plaintiff moved forward into the path of defendant's truck and fell down. The defendant Stern immediately applied his brakes and stopped the truck, which was traveling at about 5 miles per hour.

A trial was had which resulted in a judgment for defendants, and the plaintiff has appealed.

The case involves purely a question of fact, and, as the trial judge saw and heard the witnesses, we are reluctant to disturb his finding unless it is manifestly erroneous.

A careful review of the testimony contained in the record convinces us that the preponderance of the evidence sustains the defendants. We find that the truck, at the time of the accident, was proceeding in an orderly manner at a slow speed of 5 miles per hour, and that the plaintiff gave every indication that he would remain stationary and allow the truck to pass. Much to the surprise of the defendant Stern, the plaintiff moved forward unexpectedly directly into the path of the moving truck, and was either struck by the front end of the truck, or fell down.

Under these circumstances it cannot be said that the defendants were guilty of negligence, but, on the contrary, we are of opinion that the accident was caused through the fault and carelessness of the plaintiff. We find no error in the conclusion of the trial judge.

The judgment appealed from is, therefore, affirmed.

Affirmed.